IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN CLAYTON SKIDMORE | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-08-CV-1554-B |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Steven Clayton Skidmore, a Texas prisoner, has filed an application for writ of

habeas corpus pursuant to 28 U.S.C. § 2254.   For the reasons stated herein, the application should

be denied.

I.

A Johnson County grand jury charged petitioner in a multi-count indictment with robbery,

unlawful restraint, evading arrest with a vehicle, two counts of aggravated assault of a public servant,

and criminal mischief.  After several unsuccessful attempts to dispose of the case, petitioner agreed

to plead guilty to robbery, evading arrest with a vehicle, and one count of aggravated assault of a

public servant.[1]   The trial court accepted petitioner's guilty plea and sentenced him to 10 years

probation for robbery, 10 years deferred adjudication community supervision for evading arrest with

a vehicle, and seven years confinement for aggravated assault of a public servant.  No appeal was

taken.  Instead, petitioner challenged all three convictions on state collateral review.  The Texas

---

[1] As part of the plea agreement, the state agreed to dismiss the other counts of the indictment.

Court of Criminal Appeals denied relief as to petitioner's conviction for aggravated assault of a public servant, and dismissed those claims involving his convictions for robbery and evading arrest with a vehicle. *Ex parte Skidmore*, WR-70,322-01 (Tex. Crim. App. Aug. 20, 2008). Petitioner then filed this action in federal district court.

## II.

In four grounds for relief, petitioner contends that: (1) he received ineffective assistance of counsel; (2) his sentence for evading arrest with a vehicle is illegal; (3) he was not charged or arraigned in a timely manner; and (3) the indictment violated the Double Jeopardy Clause.

## A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 411-13, 120 S.Ct. 1495, 1522-24, 146 L.Ed.2d 389 (2000). A state court decision is contrary to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams*, 120 S.Ct.

at 1519-20. A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Factual determinations made by state courts are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## B.

Petitioner challenges the validity of his guilty plea to the charge of evading arrest with a vehicle on the ground that his attorney advised him to accept an illegal sentence. It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183, 125 S.Ct. 2398, 2405, 162 L.Ed.2d 143 (2005), *quoting Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618, 118 S.Ct. 1604, 1609, 140 L.Ed.2d 828 (1998), *quoting Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941). A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). These core concerns are addressed by the admonishments contained in Tex. Code Crim. Proc. Ann. art. 26.13. *See Davis v. Quarterman*, No. 3-08-CV-2145-L, 2009 WL

1058059 at *2 (N.D. Tex. Apr. 17, 2009).[2]

Petitioner was charged with multiple felonies arising out of a series of events that began when Michelle Delano, a passenger in petitioner's truck, refused to loan him $500 to pay off his girlfriend's drug debt. After Delano refused to loan petitioner the money, he drove to a Wal-Mart parking lot in Burleson, Texas, where he stole a purse from Cynthia Perkins. Petitioner grabbed the purse from Perkins as he drove by, dragging her alongside the truck. As petitioner left the Wal-Mart parking lot, Delano tried to escape by jumping out of the truck. Petitioner restrained Delano in the truck against her will. When the Burleson Police Department arrived at the scene, petitioner attempted to escape by ramming his truck head-on into a patrol car. Ultimately, petitioner was captured and transported by ambulance to a local hospital for treatment of injuries sustained during his escape attempt. *See Ex parte Skidmore*, WR-70,322-01, Tr. at 58. Eight weeks later, on December 14, 2006, petitioner was formally charged with the robbery of Cynthia Perkins, the unlawful restraint of Michelle Delano, evading arrest with a vehicle, the aggravated assault of two different police officers, and criminal mischief. *Id.*, Tr. at 5-6.

Prior to trial, petitioner agreed to plead guilty to robbery, evading arrest with a vehicle, and one count of aggravated assault of a public servant in exchange for sentences of 10 years probation, 10 years deferred adjudication community supervision, and seven years confinement, respectively. A written plea agreement was signed by petitioner, his attorney, and the prosecutor. *Id.*, Tr. at 7-10. The agreement disclosed that the range of punishment for robbery was not less than two years nor more than 20 years confinement and a fine not to exceed $10,000, that the range of punishment for

---

[2] The Fifth Circuit has held that the admonishments under Fed. R. Crim. P. 11 provide "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *Gracia*, 983 F.2d at 627. The requirements of Rule 11 and Tex. R. Crim. Proc. Ann. art. 26.13 are substantially similar. *Compare* FED. R. CRIM. P. 11 *and* TEX. CODE CRIM. PROC. ANN. art. 26.13. It therefore follows that the same "prophylactic protection" attaches to the admonishments under article 26.13. *See Jamme v. Cockrell*, No. 3-01-CV-1370-L, 2002 WL 1878403 at *5 n.4 (N.D. Tex. Aug. 12, 2002), *COA denied*, 02-11018 (5th Cir. Mar. 12, 2003).

evading arrest with a vehicle was not less than two years nor more than 10 years confinement and

a fine not to exceed $10,000, and that the range of punishment for aggravated assault of public

servant was not less than five years nor more than 99 years or life imprisonment and a fine not to

exceed $10,000. *Id.*, Tr. at 7.  As part of the plea agreement, petitioner waived the full panoply of

his constitutional rights, including his right to a jury trial, his right to confront and cross-examine

witnesses, his right to a speedy trial, and his privilege against self-incrimination. *Id.*, Tr. at 9.

Petitioner also signed a written acknowledgment stating that he understood the admonishments and

was aware of the consequences of his plea.  *Id.*, Tr. at 8.  These declarations carry a strong

presumption of verity in a subsequent habeas proceeding. *See Smith v. Quarterman*, No. 4-08-CV-

0012-Y, 2009 WL 497257 at *4 (N.D. Tex. Feb. 26, 2009), *citing Blackledge v. Allison*, 431 U.S.

63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977) (noting that presumption of verity applies to

written admonishments signed by defendant prior to entry of guilty plea).

 In an attempt to overcome this presumption, petitioner criticizes his attorney for advising him

to accept deferred adjudication community supervision for evading arrest with a vehicle--a sentence

that petitioner believes is not authorized by law.  According to petitioner, he is not eligible for

probation or community supervision because the trial court found that a deadly weapon was used in

the commission of the offense.[3]  However, petitioner remained eligible for deferred adjudication

community supervision under Tex. Code. Crim. Proc. Ann. art. 42.12, § 5(a), which states, in

pertinent part:

> Except as provided by Subsection (d) of this section, when in the
> judge's opinion the best interest of society and the defendant will be

---

[3] Under Texas law, a judge may not order probation or community supervision "when it is shown that a deadly weapon . . . was used or exhibited during the commission of a felony offense or during immediate flight therefrom, and that the defendant used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) (Vernon 2006).

> served, the judge may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon 2009); *see also Montemayor v. Valdez*, No. 3-06-CV-0012-K, 2006 WL 740743 at *2-2 (N.D. Tex. Mar. 14, 2006), *rec. adopted*, 2006 WL 1348734 (N.D. Tex. May 17, 2006) (recognizing that a defendant charged with section 3g offense is still eligible for deferred adjudication probation or community supervision under Texas law). Nothing in the record suggests that petitioner was misled by defense counsel in this regard.  Nor is his sentence for evading arrest illegal.  Consequently, these grounds for relief should be overruled.

### C.

A voluntary guilty plea waives all non-jurisdictional defects in a criminal proceeding.  *See Tollett v. Henderson*, 411 U.S. 258, 265, 93 S.Ct. 1602, 1607, 36 L.Ed.2d 235 (1973); *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir.), *cert. denied*, 121 S.Ct. 282 (2000).  By pleading guilty, petitioner waived his right to challenge the delay in bringing him before a magistrate for arraignment, as well as any instances of ineffective assistance of counsel that occurred prior to the entry of his guilty plea or that do not implicate the validity of the plea.  *See, e.g. Glinsey*, 209 F.3d at 392 (voluntary guilty plea waives claims of ineffective assistance of counsel "except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary"); *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992) (same as to speedy trial claim).  Those claims should be summarily dismissed.

### D.

The only claim that survives petitioner's guilty plea is his double jeopardy claim.  *See Neville v. Butler*, 867 F.2d 886, 888 (5th Cir. 1989), *citing Menna v. New York*, 423 U.S. 61, 62, 96 S.Ct.

241, 242, 46 L.Ed.2d 195 (1975) (guilty plea does not preclude a petitioner from asserting a double jeopardy claim). As best the court can decipher petitioner's argument, he appears to contend that it was improper for the state to charge him in one indictment with multiple offenses involving different complainants. (*See* Pet. Mem. Br. at 8-10). The Double Jeopardy Clause prohibits successive prosecutions or multiple punishments for the same criminal offense. *See United States v. Dixon*, 509 U.S. 688, 695-96, 113 S.Ct. 2849, 2855, 125 L.Ed.2d 556 (1993). Here, petitioner was neither prosecuted nor punished more than once for the same act. Rather, he was prosecuted and punished separately for the robbery of Cynthia Perkins, evading arrest following the robbery, and the aggravated assault of a Burleson police officer. All three offenses require proof of additional facts which the others do not. *See Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). Robbery and aggravated assault of a public servant require proof that the defendant cause, threaten, or place another in fear of bodily injury, *see* TEX. PENAL CODE ANN. §§ 29.02(a)(2) & 22.02(a)(2) (Vernon 2003), whereas evading arrest requires proof that the defendant intentionally flee from a person he knows to be a peace officer attempting lawfully to arrest or detain him, *see id.* § 38.04(a). While the offenses of robbery and aggravated assault of a public servant have common elements, petitioner committed each offense against a different victim. That the state charged petitioner with all three offenses in separate counts of the same indictment does not render the indictment constitutionally defective. *See Sauceda v. Quarterman*, No. C-08-224, 2008 WL 5137287 at *8 (S.D. Tex. Dec. 8, 2008) (multiple offenses charged in a single indictment do not violate federal or Texas law).[4]

---

[4] To the extent petitioner challenges the indictment on other grounds, those claims are waived by his voluntary guilty plea. *See Ludlow v. Quarterman*, No. H-06-1419, 2007 WL 2177336 at *10 (S.D. Tex. Jul. 26, 2007), *citing United States v. Cotton*, 535 U.S. 625, 631, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002).

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  July 10, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE